After a series of transactions in which the defendant sold controlled substances to undercover officers, the Lynn police department executed a search warrant at his residence, seizing a quantity of pills and a prescription pill bottle containing other pills. Following a jury trial, the defendant was convicted of various drug offenses,[2] including one count of possession of a class E substance (count 8) relating to the pills. On appeal, he argues that his conviction on count 8 should be overturned because the testimony of a forensic chemist was insufficient to prove beyond a reasonable doubt that the pills were a class E substance. We agree and thus reverse the judgment and set aside the verdict on that count.
Evidence of class E substances. Following a voir dire, the forensic chemist testified at trial that the pills discovered at the defendant's residence[3] were "consistent" with clonidine and fluoxetine, which are categorized as class E substances.[4] The chemist testified that she came to that conclusion merely by inspecting the pills visually and cross-referencing their respective imprints, sizes, shapes, and colors with two pharmaceutical databases. The defendant argues, and the Commonwealth concedes, that the judge should have allowed the defendant's motion for a required finding of not guilty on count 8 in accordance with Commonwealth v. Paine, 86 Mass. App. Ct. 432 (2014). "Without actual chemical analysis or additional circumstantial evidence of the authenticity of the tablets, the Commonwealth failed to prove an essential element of its case ...." Id. at 436. The Commonwealth does not argue that there was any such additional circumstantial evidence in this case. Compare Commonwealth v. Alisha A., 56 Mass. App. Ct. 311, 313-315 (2002) (defendant told others she would bring Klonopin to school and pills were found to be missing from mother's prescription bottle); Commonwealth v. Greco, 76 Mass. App. Ct. 296, 297, 299 (2010) (defendant was seen removing pills from prescription bottle bearing his name and selling them in front of pharmacy); Commonwealth v. Cooper, 91 Mass. App. Ct. 595, 598-599 (2017) (defendant used street name and pharmaceutical name for drug, said he had prescription, was seen removing pills from bottle, and advised undercover officer about dosages). The defendant's conviction on count 8 must be reversed.
Ineffective assistance of counsel. The defendant asserts that he was psychotic, hearing voices, and suffering from depression and anxiety when he engaged in the criminal conduct leading to his arrest. Although he points to no record evidence in support of this claim, he argues that trial counsel was ineffective for failing to raise a defense involving these mental health issues.[5] On the limited record before us, we reject this claim. See Commonwealth v. McCormick, 48 Mass. App. Ct. 106, 108 (1999) (ineffective assistance claim must be rejected on direct appeal unless factual basis of claim appears indisputably on trial record). We cannot conclude that trial counsel's conduct was manifestly unreasonable, see Commonwealth v. Adams, 374 Mass. 722, 728 (1978), because such a defense was unlikely to succeed in the absence of any evidence raising a substantial question of criminal responsibility. See Commonwealth v. LaCava, 438 Mass. 708, 714-715 (2003) (not unreasonable to choose not to raise defense where defendant's conduct was apparently rational and measured). Here, the evidence at trial was that the defendant arranged and carried out the drug transactions in a thoughtful and organized manner; there was no suggestion whatsoever of bizarre or unusual behavior. Compare Commonwealth v. Spray, 467 Mass. 456, 473 (2014) (where claim would be factually weak, no ineffective assistance in declining to raise insanity defense).[6]
Conclusion. The judgment on count 8 is reversed, the verdict is set aside, and judgment is to enter for the defendant. The judgments on the remaining counts are affirmed.
So ordered.
Reversed and verdict set aside in part; affirmed in part.

The defendant was also convicted of three counts of distribution of heroin (counts 1, 3, 5) and one count of possession of a class B substance (count 7).

There was no testimony regarding which of the pills were found in the prescription bottle, which was entered in evidence. After the chemist's voir dire, the prosecutor told the judge at sidebar that the bottle indicated that the defendant had a prescription for trazodone, which was not one of the substances identified by the chemist as consistent with the seized pills.

The final subsection (b ) of G. L. c. 94C, § 31, which discusses class E controlled substances, defines class E substances to include "[p]rescription drugs other than those included in [c]lasses A, B, C, D, and subsection (a ) of this [c]lass."

The defendant argues that ineffective assistance requires reversal of the judgments on all counts.

We note that based upon a pretrial competency evaluation at Bridgewater State Hospital, the judge found the defendant competent to stand trial.